IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DMD ENTERPRISES, INC., )<br>t/a DEAL WRECKER SERVICE, )<br>  )<br>   Plaintiff, )<br>  )       Case No. CIV-20-589-D<br>v. )<br>  )<br>CENTRAL STATES TRUCKING CO., )<br>  )<br>   Defendant. ) | |

## ORDER

Upon examination of the Notice of Removal [Doc. No. 1], Defendant's Motion to Dismiss [Doc. No. 5], and Plaintiff's Response [Doc. No. 8], the Court raises *sua sponte* the question of whether subject matter jurisdiction exists under 28 U.S.C. § 1332, as asserted by Defendant.[1]

Defendant removed this case to federal court based on allegations in its Notice of Removal to establish diversity jurisdiction: Plaintiff is an Oklahoma citizen; Defendant is a citizen of Delaware and Illinois; and the amount in controversy exceeds $75,000. *See* Notice of Removal, ¶¶ 3, 5-7. As to the last requirement, Defendant acknowledged that Plaintiff's pleading stated an amount of damages less than $75,000, but Defendant alleged

---

[1] Because federal district courts are courts of limited jurisdiction, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and may raise the issue at any time. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). If jurisdiction is lacking, the Court cannot reach a decision on the merits, as requested by Defendant's Motion. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217-18 (10th Cir. 2006).

that a greater amount was in dispute because an attached invoice for towing and storage services suggested that daily storage fees continued to accrue. *See* Notice of Removal, ¶ 3; First Am. Pet. [Doc. No. 1-4], ¶¶ 5-7 and p. 5.

In responding to Defendant's Motion to Dismiss for Failure to State a Claim, Plaintiff has provided additional facts and documents to clarify its claim, including an updated invoice. Although Defendant objects to consideration of new information to assess the sufficiency of Plaintiff's pleading, Defendant does not address the jurisdictional issue raised by the information. Specifically, Plaintiff states:

> [Plaintiff] has capped all storage costs to be a total of 300 days and is not claiming any prejudgment interest on the amount outstanding. After all due credits have been applied, and as [of] the 14th of July, 2020, there remains outstanding the sum of $70,003.95, demand for which has been previously made. (See Exhibit "A" attached).

Pl.'s Resp. Br. at 2. The referenced exhibit is a copy of an invoice for towing and storage services dated July 14, 2020. *See id.* Ex. A [Doc. No. 8-1]. Plaintiff has also submitted an affidavit of its manager, Daniel Deal, stating that "no further or additional sum will be sought in connection or relation to this matter over and above the total sum so far claimed, the same being $70,003.95." *See* Deal. Aff. [Doc. No. 8-2], ¶ 4.

The law is clear that material outside the pleadings may be considered in deciding a jurisdictional question. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Paper, Allied Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292 (10th Cir. 2005); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002). The law is also clear that parties to a case can neither manufacture nor waive federal jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie*

*des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("no action of the parties can confer subject-matter jurisdiction upon a federal court" and principles of waiver and estoppel do not apply); *see also Kennedy v. Lubar*, 273 F.3d 1293, 1301 (10th Cir. 2001).  Thus, "a post-removal stipulation reducing the amount in controversy to below the required jurisdictional amount is ineffective to deprive a district court of jurisdiction."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *accord In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).  However, a plaintiff is the master of his claim; plaintiffs can prevent removal to federal court by filing "a binding stipulation or affidavit with their complaints" limiting their recovery to less than the jurisdictional amount.  *See Shell*, 970 F.2d at 356.

In this case, Plaintiff's state-court pleadings are not a model of clarity, as pointed out by Defendant's Motion to Dismiss.  It is unclear from Plaintiff's Response whether Plaintiff is merely clarifying the amount of damages originally sought, or making a post-removal filing in an attempt to avoid federal jurisdiction.  For example, is the 300-day cap on an accrual of storage charges based on some independent policy or rule, or merely an ad-hoc limitation designed to defeat the amount-in-controversy requirement?  The Court cannot proceed further in this case without a resolution of the jurisdictional issues.

In light of the current COVID-19 restrictions on in-person court proceedings, the Court prefers to resolve the question of subject matter jurisdiction based on documentary evidence.  To this end, the Court will permit the parties to conduct jurisdictional discovery and to make written submissions based on affidavits, written discovery responses, and, if appropriate, transcripts of deposition testimony.  Because Defendant carries the burden to

3

show that federal jurisdiction exists, the Court will direct Defendant to file an opening brief on the jurisdictional question, to which Plaintiff may respond. A reply brief may be filed only upon motion and leave of Court.

IT IS THEREFORE ORDERED that the parties shall file supplemental briefs on the issue of whether the amount-in-controversy requirement was satisfied at the time of removal. Defendant shall file its opening brief within 60 days from the date of this Order; Plaintiff shall respond within 21 days thereafter.

IT IS SO ORDERED this 31st day of July, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge